HEARD, Judge.
This is a tort action by John Claiborne Kennon for damages received in an automobile accident on January 18, 1970 at the intersection of Goodwill Road and U. S. Highway #80 in Webster Parish, Louisiana. Made defendants are Mack Leon Walker and his liability insurer, Continental Insurance Company. John Claiborne Kennon was a guest passenger in an automobile operated by Ola B. Jimmerson which was proceeding west on U. S. Highway 80. Walker, driving a 1969 Plymouth, ran a stop sign at the intersection of Goodwill Road and Highway 80, striking the right side of the car in which plaintiff, Kennon, was riding, causing the death of a passenger on the back seat and injuries to plaintiff.
The trial judge rendered judgment in favor of Kennon against both defendants in solido in the amount of $774. This judgment rejected Kennon’s claim for emotional damage as a result of witnessing his best friend’s death in the accident. Ken-non perfected a devolutive appeal from this judgment, specifying as error the trial judge’s failure to award damages for injury-for mental suffering and anguish. Recovery was limited to plaintiff’s physical injuries. It is conceded that defendant was negligent.
The evidence established that following the accident plaintiff was given emergency treatment by Dr. J. B. Hayes at the Min-den Sanitarium. Dr. Hayes’ report was admitted in evidence in lieu of his testimony and indicated that plaintiff had a contusion of the mid-forehead. According to plaintiff’s testimony the doctor did not take any x-rays or bandage his forehead. He was off work two weeks and returned to his job.
On February 6, 1971 Kennon consulted Dr. C. M. Baker whose report was admit *403 ted in evidence. The conclusion of the doctor after being given a history of the accident was: “Physically he seems to be all right. But I believe he has suffered a mental change from which he has not recovered.”
On February 5, 1971 he was sent to Dr. Paul D. Ware, a practicing psychiatrist and neurologist, for an evaluation. The doctor stated that Kennon gave him a history of personality changes with increased irritability, loss of patience to a degree which jeopardized Kennon’s marriage and interfered in his relationship with his children and that Kennon could no longer assist his father in the funeral business. Further, the doctor reported that Kennon had a loss in income which forced him to give up his trailer and automobile. From this history the doctor’s conclusions were that plaintiffs disability was a true traumatic neurosis related to the automobile accident. A month later the doctor testified that the symptoms had not been resolved.
Plaintiff’s father testified that Kennon only worked part time with him in the funeral home and his earnings had increased instead of decreased since the accident. Prior to the accident he was driving a school bus and on the date of trial he continued driving the bus, helping with funeral work on the outside and doing work as a mechanic for the Webster Parish School Board. It is significant that plaintiff’s wife was not called, nor any other friend or relative, to verify and corroborate his statements that his irritability had increased and he was unable to get along with his family.
Appropriate to this case is the statement made by the court in Thomas v. American Insurance Company, La.App., 1S3 So.2d 918, 920 (1st Cir.1963) writs refused, that “Any claim based on traumatic neurosis must be substantiated by competent psychiatric opinion. Usually psychiatrists base their diagnosis upon a history which is related to them by the patient. Since there is no known method to positively probe into the mind of man for his true feeling, thoughts, etc. there is an ever present danger that symptoms will be feigned, concocted and otherwise dreamed up in order to obtain a recovery judgment. On the other hand, there is a danger of denying recovery to a plaintiff who is actually disabled and deserving.”
We are, as was the trial judge, of the opinion that plaintiff has failed to carry the burden of proof required of him to sustain his allegations that he suffered mental injuries by reason of the accident.
For the foregoing reasons the judgment of the trial court is affirmed with costs to be borne by plaintiff.